United States District Court
Southern District of Texas
**ENTERED**
October 22, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MIKHAEL CHARLES DORISE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-222 |
| | § | |
| N.  VAZQUEZ, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

### Background

On May 18, 2015, Petitioner filed this *pro se* petition pursuant to 28 U.S.C. §
2241, challenging pursuant to the savings clause, his conviction and sentence imposed in
the Galveston Division of the Southern District of Texas (D.E. 1).  Petitioner applied for
leave to proceed *in forma pauperis* (D.E. 3), but his handwritten motion was not signed
under oath and he failed to include a copy of his inmate trust fund data.  On May 20,
2015, a notice was sent to him requiring that he pay the $5.00 filing fee or complete the
appropriate sworn affidavit and attach a copy of his inmate trust account data within
twenty (20) days (D.E. 6).  Petitioner responded with a motion for an extension of time to
pay the filing fee (D.E. 9), which was granted and the deadline for paying the fee was
extended to July 17, 2015 (D.E. 10).  Petitioner failed to respond.  On July 31, 2015, an
order was issued for Petitioner to show cause why his petition should not be dismissed
for failure to timely comply (D.E. 12).   The show cause order was returned as
undeliverable with a note that Petitioner was no longer incarcerated at Three Rivers (D.E.

13).  A second show cause order was entered on September 2, 2015, notifying Petitioner that it was his responsibility to advise the court of his address changes, directing the Clerk, for this one time only, to change Petitioner's mailing address to the Atwater facility per the Bureau of Prisons website (D.E. 14).  Petitioner was warned that he must pay the $5.00 filing fee or submit his completed application for leave to proceed *in forma pauperis* and submit a copy of his trust fund statement within twenty days (D.E. 14).  The show cause order was again returned because the Clerk failed to mail the paperwork to Atwater, instead mailing the order to Three Rivers (D.E. 15, 16).  On September 22, 2015, the order to show cause was re-mailed to Petitioner at the Atwater address.  To date Petitioner has failed to comply.  It appears Petitioner has abandoned his petition. Petitioner was warned that failure to timely comply could result in the dismissal of his petition for want of prosecution (D.E. 8, 14).

### Discussion

Rule 41(b) of the Federal Rules of Civil Procedure, provides as follows:

(b) **Involuntary Dismissal; Effect.**  If the Petitioner fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

This rule has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute.  *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).  "The power to invoke this sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 1388 (1962)). If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record must reflect that the district court employed lesser sanctions before dismissing the action. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

Here Petitioner failed to comply with the notice to pay the filing fee or seek leave to proceed *in forma pauperis*. In spite of being advised that he must keep the Clerk notified of his current mailing address, he failed to do so and failed to comply with the show cause orders. The court cannot move forward on the merits of the application because of a failure to pay the filing fee. Petitioner appears to have abandoned any interest in pursuing his petition. Dismissal without prejudice is the only sanction appropriate in this case.

Accordingly, it is respectfully recommended that Petitioner's Section 2241 petition be dismissed without prejudice for want of prosecution. FED. R. CIV. P. 41(b).

Respectfully submitted this 22nd day of October, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).